UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA INSURANCE CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIMPSON STRONG-TIE COMPANY INC., <br><br> Defendant. | Case No. 5:24-cv-01652-PCP <br><br> **ORDER GRANTING MOTION TO STAY CASE** <br><br> Re: Dkt. No. 43 |

Plaintiffs Columbia Insurance Company and MiTek Inc. assert that defendant Simpson Strong-Tie Company infringed Columbia's U.S. Patent No. 11,920,339 ('339 patent), in violation of 35 U.S.C. § 271. The '339 patent pertains to a method of constructing a fire-resistive wall assembly using hangers that connect structural components like beams and joists to fire-separation walls. MiTek is the exclusive licensee of Columbia's patent. Simpson now moves to stay these proceedings pending a post-grant review (PGR) institution decision by the Patent Trial and Appeal Board (PTAB) regarding the '339 patent. For the reasons that follow, the Court grants Simpson's motion to stay the current proceedings.

**BACKGROUND**

MiTek and Simpson are direct competitors whose product offerings include structural connectors for buildings. Both companies currently offer modern firewall hangers that connect structural components like beams or joists to fire separation walls. Before the advent of these modern hangers, fire-proof sheathing was typically mounted on fire separation walls prior to the installation of hangers. MiTek's firewall hangers improve upon traditional hangers by allowing for installation before fire-proof sheathing is mounted on the walls.

This innovation is protected by several patents owned by Columbia, including U.S. Patent

1    Nos. 10,316,510 ('510 patent), 11,021,867 ('867 patent), 11,649,626 ('626 patent), and the '339
2    patent, of which MiTek is the exclusive licensee. The former patents pertain to the apparatus of the
3    firewall hangers, while the '339 patent discloses a method for installing them. The latter three
4    patents are the result of continuation applications that date back to the '510 patent.
5      This is the third lawsuit MiTek and Columbia have brought alleging that Simpson's
6    hangers infringe Columbia's patents. Simpson has filed several PGR petitions with the PTAB to
7    challenge the validity of Columbia's patents.
8      In 2019, Columbia and MiTek filed a lawsuit against Simpson alleging infringement of the
9    '510 patent. *Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*, No. 19-cv-04683 (N.D. Cal.). In
10   turn, Simpson filed a PGR petition with the PTAB attacking the validity of that patent. Pursuant to
11   a joint request by the parties, that case was stayed by Magistrate Judge Hixson on October 23,
12   2019 pending resolution of the PGR petition. After instituting PGR proceedings, the PTAB issued
13   a Final Written Decision on March 11, 2021 invaliding all 20 of the original claims in the '510
14   patent and finding only one substitute claim patentable. The Federal Circuit affirmed the PTAB's
15   decision. *Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*, Nos. 2021-2145, 2021-2157, 23 WL
16   2733427 (Fed. Cir. Mar. 31, 2023). The case before Judge Hixson is ongoing.
17     In June 2021, after receiving a letter from Columbia suggesting that Simpson was
18   infringing Columbia's '867 patent, Simpson filed a PGR petition attacking the validity of the '867
19   patent. The PTAB instituted PGR proceedings and on March 15, 2023 issued a Final Written
20   Decision invalidating 18 of the '867 patent's 23 original claims but finding that Simpson failed to
21   show that five claims were unpatentable. Two of the 18 invalidated claims were found to lack a
22   written description under 35 U.S.C. § 112(a) and to be indefinite under 35 U.S.C. § 112(b), and all
23   18 invalidated claims were found to be obvious under 35 U.S.C. § 103. Simpson has filed an
24   appeal with the Federal Circuit that is currently pending.
25     In May 2023, plaintiffs brought another case against Simpson before this Court alleging
26   infringement of both the '867 and '626 patents. *Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*,
27   No. 23-cv-02432 (N.D. Cal.). On August 17, 2023, Simpson filed three separate PGR petitions
28   attacking the validity of the '626 patent. Simpson also filed a motion to stay the action in this

1  Court pending the PTAB's decision, which the Court granted. In March 2024, the PTAB issued its
2  decision instituting PGR on all 105 claims of the '626 patent. The PTAB's decision regarding the
3  validity of the '626 patent is expected by March 2025. The second action is currently stayed
4  pending resolution of the PGR proceedings.

5  On March 5, 2024, the USPTO issued Columbia U.S. Patent No. 11,920,339, containing
6  two independent and 29 dependent claims. Like the patents at issue in the previous two lawsuits,
7  the '339 patent is the result of a continuation application claiming priority back to the '510 patent
8  and its parent applications. Unlike the previous patents, which exclusively contained apparatus
9  claims regarding the hanger itself, the '339 patent recites a method for constructing a fire-resistive
10 wall assembly using the hanger.

11 Ten days after the USPTO issued the '339 patent, plaintiffs brought the current action
12 alleging Simpson's hangers and the method it instructs its customers to use to install them infringe
13 the '339 patent. Simpson filed a counterclaim for a declaratory judgment that the pertinent claims
14 of the '339 patent are invalid. On August 30, 2024, Simpson filed a petition for institution of PGR
15 challenging the validity of '339 patent. On the same day, Simpson filed this motion to stay the
16 current proceedings pending the PTAB's institution decision and, if PGR is granted, pending
17 resolution of those proceedings.

**LEGAL STANDARD**

19 A district court has the inherent power and discretion to stay judicial proceedings pending
20 reexamination of a patent. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).
21 Courts consider three factors in deciding whether a case should be stayed pending patent
22 proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether
23 a stay will simplify the issues in question and trial of the case; and (3) whether a stay would
24 unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb*
25 *Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014). To evaluate prejudice,
26 courts consider four subfactors: (i) the timing of the reexamination request; (ii) the timing of the
27 request for stay; (iii) the status of reexamination proceedings; and (iv) the relationship between the
28 parties. *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-CV-06441-JST, 2015 WL 66415, at *3

3

(N.D. Cal. Jan. 5, 2015).

The Federal Circuit has made it clear that a district court's decision whether to grant a stay pending an institution decision by the PTAB is discretionary. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315–16 (Fed. Cir. 2014) ("[W]hile some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review. We express no opinion on which is the better practice."). Unsurprisingly, then, courts in this District have reached different conclusions as to whether a stay pending PTAB's institution decision is appropriate. *Compare Security People, Inc. v. Ojmar US, LLC*, 2015 WL 3453780, at *3 (N.D. Cal. May 29, 2015) (granting a motion to stay pending a decision by the PTAB on whether to institute IPR), and *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) ("[I]t is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent."), *with Samsung Electronics Co., Ltd. v. Blaze Mobile, Inc.*, 2022 WL 103552, at *4 (N.D. Cal. Jan. 11, 2022) (denying pre-institution stay), *and DiCon Fiberoptics, Inc. v. Precisely Microtechnology Corp.*, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("[T]he filing of an IPR request does not by itself simplify the issues in a case."). The decision to stay ultimately depends on the particular facts and circumstances of each individual case.

## ANALYSIS

### I. This litigation is in its early stages.

The first factor—the stage of the present litigation—favors granting a stay. This case is still in its earliest stage. The parties exchanged initial disclosures in June 2024, neither side has served any discovery, and trial is not set until June 2026. Since discovery has just begun and is far from complete, this factor weighs in favor of granting a stay.

### II. A stay will likely simplify the issues in this case.

A stay is likely to simplify issues in this case because the PTAB will likely institute PGR, and, if it does, will likely narrow the issues in this case by invalidating some or all of the patent's 31 claims. There is a high likelihood that the PTAB will grant institution of Simpson's petition for

4

PGR both because of the high rate of PGR institution at the PTAB generally and because the PTAB has accepted all five prior PGR petitions involving patents closely related to the '339 patent. Plaintiffs contend that the PTAB's history of instituting PGR with respect to the related patents says nothing about the PTAB's likelihood of instituting review of the '339 patent, because the '339 patent introduces method claims absent from the prior patents in the family. That argument is unavailing, however, because the method claims in the '339 patent are closely related to the apparatus claims in the prior patents. The PTAB seems likely to reason, as it did in granting PGR of all the claims in the '626 patent, that denying review here "would cloud or potentially nullify the substantial work and patentability determinations of the Board and Federal Circuit to date." Dkt. No. 46-4, at 17. And while the PTAB's previous Final Written Decisions regarding the related patents are not determinative with respect to the '339 patent, institution of PGR would likely narrow the scope of issues in this case given that the PTAB found all of the claims under the original '510 patent unpatentable, found all but one of the 19 proposed amended claims of the '510 patent unpatentable, and found that 18 of the 23 original claims of the '867 patent were unpatentable. This factor thus weighs heavily in favor of a stay.

### III. A stay is unlikely to result in undue prejudice to MiTek and Columbia.

In evaluating undue prejudice, courts consider: (i) the timing of the reexamination request; (ii) the timing of the request for a stay; (iii) the status of reexamination proceedings; and (iv) the relationship between the parties. *SAGE Electrochromatics*, 2015 WL 66415, at *3.

The Court finds that the timing of the reexamination request, the timing of the request for a stay, and the status of reexamination proceedings all favor granting a stay. Simpson filed a PGR petition well before the nine-month deadline and filed its request for a stay on the same day. Although the fact that PTAB has not yet decided to grant institution of PGR regarding the '339 patent weighs against a stay, the broader context of the proceedings weighs in favor. The Federal Circuit is expected to issue a decision on the '867 patent forthwith, and PTAB must issue its Final Written Decision on the '626 patent by March 2025. As both the '867 and the '626 patents are precursors to the '339 patent, it would be judicious for this Court to await further clarity on the status of those earlier patents before proceeding. The fourth subfactor—the relationship between

the parties—weighs against a stay, because the parties are direct competitors and the alleged risk of marketplace harms, including diminished market recognition and price erosion, may not be readily compensable by money damages. But that risk is not so substantial as to outweigh the other subfactors that favor a stay.

## CONCLUSION

For the foregoing reasons, the Court grants Simpson's motion to stay this case pending the PTAB's institution decision and, if PGR is instituted, through the resolution of those proceedings or further order of the Court. Simpson shall notify the Court of the PTAB's decision with respect to instituting PGR proceedings within 7 days of that decision.

**IT IS SO ORDERED.**

Dated: November 11, 2024

P. Casey Pitts
United States District Judge